# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

LAUSTEVEION JOHNSON,

        Plaintiff,

vs.

GAROFALO, *et al.*,

        Defendants.

2:16-cv-01889-GMN-VCF

**ORDER**

REQUEST TO CONDUCT DISCOVERY (ECF NO. 44), MOTION TO FILE PRESENTENCE INVESTIGATION REPORT UNDER SEAL (ECF NO. 46), MOTION TO STAY DISCOVERY (ECF NO. 52)

Before the Court is Plaintiff Lausteveion Johnson's Request to Conduct Discovery (ECF No. 44); Defendants Board of Parole Commissioners, Parole Commissioner Chairman Connie S. Bisbee, Parole Board Commissioner Lucille Monterde, Parole Board Commissioner Michael Keeler, and Executive Secretary Darla Foley (collectively "Defendants") Motion for Leave to File Plaintiff's Presentence Investigation Report Under Seal (ECF No. 46); and Defendants' Motion to Stay Discovery (ECF No. 52). For the reasons discussed below, Defendants' motion to file under seal is granted, Plaintiff's request to conduct discovery is denied, and Defendants' motion to stay is granted.

## MOTION TO FILE PRESENTENCING INVESTIGATION REPORT UNDER SEAL

As part of their motion to dismiss, Defendants filed Plaintiffs' Presentence Investigation Report under seal. (ECF No. 48-1). Under NRS 176.156(5), "a report of a presentence investigation or general investigation and the sources of information for such a report are confidential and must not be made a part of any public record." Therefore, the Court grants Defendants' motion to file under seal pursuant to Fed. R. Civ. P. 5.2(d). ECF No. 48 will remain under seal in this case.

**REQUEST TO CONDUCT DISCOVERY AND MOTION TO STAY DISCOVERY**

**I.   Legal Standard**

Defendants move to stay discovery based on their pending motion to dismiss Plaintiff's complaint. (ECF No. 47). When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* Fed. R. Civ. P. 26(B)(2)(iii).

The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503. Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, and the court is convinced that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the

merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

## II. DISCUSSION

Plaintiff's complaint generally asserts the Defendants acted on false information and a new, harsher risk assessment scheme in denying Plaintiff parole in 2013 and 2016, effectively removing any chance Plaintiff had to be paroled. (ECF No. 16 at 6-10). On November 2, 2017, Plaintiff filed a request to conduct discovery. (ECF No. 44). The one-page request contains no indication of what discovery Plaintiff seeks and no citations to any legal authority. On November 14, 2017, Defendants filed a motion to stay discovery. (ECF No. 52). Defendants argue there are nine bases to dismiss Plaintiff's case that will not require discovery to resolve. (*Id.* at 3-8). Plaintiff failed to oppose the motion to stay.

Without prejudging the outcome of the motion to dismiss, the Court finds there is a significant likelihood that the complaint will be considerably limited in scope if not eliminated entirely when the pending motion to dismiss is decided. There appears to be merit in several of Defendants' arguments against Plaintiff's claims, and these arguments would not need further discovery to resolve.[1] After a "preliminary peek" and in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that the motion to dismiss has merit, may resolve most if not all issues in controversy, and demonstrates good cause to stay discovery. In addition, under LCR 47-3, "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion."

---

[1] The Court is specifically persuaded by Defendants' arguments that Plaintiff's claims regarding the 2013 parole hearing are barred by the statute of limitations and Defendants have either qualified or absolute immunity in this case. (ECF No. 52 at 4, 7). Should the District Court find that these issues do not warrant complete dismissal of the case, a ruling limiting the scope of Plaintiff's claims in time or damages could significantly reduce discovery in this case.

1   Accordingly, and for good cause shown,

2   IT IS HEREBY ORDERED the Defendants' Motion for Leave to File Plaintiff's Presentence Investigation Report Under Seal (ECF No. 46) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Request to Conduct Discovery (ECF No. 44) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Stay Discovery (ECF No. 52) is GRANTED.

IT IS FURTHER ORDERED that a status hearing is scheduled for 10:00 AM, June 11, 2018, in Courtroom 3D.

### NOTICE

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

///

///

///

///

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 7th day of December, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE