# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LAUSTEVEION JOHNSON,　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　Plaintiff,　　　　　　　）　　Case No.: 2:16-cv-01889-GMN-VCF
　　vs.　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）　　**ORDER**
GAROFALO, et al.,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　Defendants.　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）

Pending before the Court is the Motion to Dismiss, (ECF No. 47), filed by Defendants Board of Parole Commissioners ("Parole Board"),[1] Parole Commissioner Chairman Connie S. Bisbee ("Bisbee"), Parole Board Commissioner Lucille Monterde ("Monterde"), Parole Board Commissioner Michael Keeler ("Keeler"), and Executive Secretary Darla Foley ("Foley")[2] (collectively "Parole Board Defendants"). Pro se Plaintiff Lausteveion Johnson ("Plaintiff")[3] filed a Response, or in the alternative, a Counter Motion for Summary Judgment, (ECF Nos. 58, 59), and Parole Board Defendants filed a Reply, (ECF No. 62).[4]

---

[1] Because the Board of Parole Commissioners is an arm of the state, it is immune from this suit pursuant to the Eleventh Amendment. *See, e.g.*, *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1995).

[2] Pursuant to the Nevada Administrative Code ("NAC"), Foley, in her capacity as the Executive Secretary to the Parole Board, participates in quasi-judicial decisions. *See, e.g.*, NAC §§ 213.524, 213.526 ("As soon as practicable after receiving a request to reconsider a denial of parole pursuant to subsection 1, the Executive Secretary of the Board or an employee of the Board designated by the Board shall consider the request and determine whether to deny the request or submit the request to the members of the Board.").

[3] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[4] Also pending before the Court is Parole Board Defendants' Motion to Extend Time to File a Reply, (ECF No. 60). For good cause appearing, the Court **GRANTS** Parole Board Defendants' Motion nunc pro tunc.

Also pending before the Court is Plaintiff's Objection, (ECF No. 66), to Magistrate Judge Ferenbach's Order, (ECF No. 61). Parole Board Defendants filed a Response, (ECF No. 70). Plaintiff failed to file a reply, and the time to do so has passed.

Also pending before the Court are Plaintiff's Motions for Preliminary Injunction, (ECF Nos. 68, 74), and Plaintiff's Motion for Oral Argument on Dispositive Motions, (ECF No. 78). Defendants Catherine Cortez-Masto, James Cox, James Dzurenda, Garofalo, Adam Laxalt, Offender Management Division, Office of the Attorney General, Brian Sandoval, Howard Skolnik, Brian Williams, and Yates (collectively "NDOC Defendants") filed Responses, (ECF No. 71, 75), and Parole Board Defendants filed a Response, (ECF No. 72), and a Joinder, (ECF No. 76) to the Motions for Preliminary Injunction. Plaintiff filed a Reply, (ECF No. 77). Additionally, NDOC Defendants filed a Response to the Motion for Oral Argument, (ECF No. 79), Parole Board Defendants filed a Joinder, (ECF No. 80), and Plaintiff filed Replies, (ECF Nos. 81, 82).

## I.    <u>BACKGROUND</u>

This case arises out of two of Plaintiff's parole hearings while incarcerated in the Nevada Department of Corrections ("NDOC"). Plaintiff was convicted of sexual assault pursuant to Nevada Revised Statutes ("NRS") §§ 200.364 and 200.366 and sentenced to life with the possibility of parole after ten years. (Compl. at 9, ECF No. 11). The sentencing court additionally issued Plaintiff a consecutive sentence of eight to twenty years. (*Id.*). Plaintiff was nineteen-years-old when he was charged and his victim was sixteen-years-old. (*Id.*). Neither of Plaintiff's convictions were under NRS § 213.1255, which is for a sexual offense against a child under the age of fourteen. (*Id.*).

Plaintiff's first parole hearing occurred on February 20, 2013 (the "2013 hearing"). (*Id.*). Plaintiff alleges that at the 2013 hearing, the Parole Board Defendants denied Plaintiff parole based on the false premise that Plaintiff had sexually assaulted a thirteen-year-old child. (*Id.*).

Plaintiff further alleges that in 2013, prison officials categorized Plaintiff as a "moderate risk to re-offend." (*Id.*). After Plaintiff appealed his denial, Plaintiff asserts that Parole Board Defendants admitted that the Parole Board had made a mistake and acknowledged that Plaintiff's victim was sixteen-years-old and not thirteen. (*Id.*). Although the Parole Board allegedly admitted this mistake, they refused to provide Plaintiff with a rehearing. (*Id.*).

Plaintiff's second parole hearing occurred on March 16, 2016 (the "2016 hearing"). (*Id.*). At the 2016 hearing, Plaintiff alleges that Parole Board Defendants once again conducted the hearing under the pretense that Plaintiff was convicted of a sexual offense against a child under the age of fourteen pursuant to NRS § 213.1255. (*Id.* at 9–10). Plaintiff asserts that NDOC Defendants Yates, Williams, and Garofalo submitted this false information in their February 11, 2016 parole report out of retaliation for Plaintiff's filing of multiple grievances. (*Id.* at 10). Because the Parole Board Defendants relied on this allegedly false information, Plaintiff contends that he was once again unfairly denied parole. (*Id.*).

Plaintiff appealed the 2016 denial and requested a rehearing, to which Parole Board Defendant Keeler denied. (*Id.* at 11). Specifically, Keeler stated that Plaintiff was correct that he was not convicted of the sexual assaults under NRS § 213.1255, and that because of the error, the Parole Board had struck the two sexual assaults from consideration and from the record. (*Id.*). Keeler also stated that the Parole Board had issued a new order on May 11, 2016, to correct the false reports. (*Id.* at 12–13). However, Plaintiff notified Keeler that the new denial order continued to state that Plaintiff's victim was under the age of fourteen. (*Id.* at 13). Keeler replied that a few years' age difference did not change anything. (*Id.*).

Further, Keeler informed Plaintiff that Garofalo had returned a high risk assessment for Plaintiff even though the Parole Board had returned a moderate risk assessment on Plaintiff. (*Id.*). According to Keeler, however, the Parole Board had to use the higher assessment. (*Id.*). Because of the assessment, Keeler strongly encouraged Plaintiff "to focus [his] energy on

working with NDOC treatment staff to bring [his] sexual offense assessment below the high risk category." (*Id.*).

In light of this, Plaintiff submitted a kite to NDOC Defendant Garofalo seeking advice on how he could reduce his risk assessment level. (*Id.* at 14). Garofalo responded that Plaintiff could not lower his risk assessment by working with NDOC treatment staff because Plaintiff's risk assessment was based solely on his prior criminal history, which Garofalo indicted was the false conviction under NRS § 213.1255. (*Id.* at 14–15).

Moreover, Plaintiff was not a member of the Gerson Park Kingsmen ("GPK") prison gang, but prison officials categorized him as a member and listed Plaintiff as a security threat group ("STG") member because of it. (*Id.* at 16). Although NDOC Defendant Williams had documentation that proved that Plaintiff was not a validated GPK member, on July 8, 2016, Williams told Plaintiff that NDOC could not remove Plaintiff from the STG because the Las Vegas Metropolitan Police Department ("LVMPD") continued to list Plaintiff as a GPK member. (*Id.*). Williams, however, acknowledged that he could not find Plaintiff's signature admitting that he was a member of a gang, nor could the LVMPD. (*Id.*). Plaintiff was therefore unable to "debrief" from the gang and remove the categorization because he was never a part of the gang, and similarly Plaintiff could not provide any information to the authorities about the gang. (*Id.* at 16-17). The false membership in the gang negatively affected Plaintiff's parole eligibility because he received two points for the false membership, which increased his risk assessment. (*Id.* at 17).

In light of these events, Plaintiff filed his Amended Complaint on October 24, 2016. (Compl., ECF No. 11). On June 10, 2017, the Court issued its Screening Order, (ECF No. 16), where the following claims survived: (1) retaliation; (2) violations of the equal protection clause; (3) violations of the due process clause; and (4) violations of the ex post facto clause. On November 14, 2017, Parole Board Defendants filed their Motion to Dismiss, (ECF No. 47).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Motion to Dismiss

Plaintiff's claims alleged against Parole Board Defendants are: (1) violations of the equal protection clause; (2) violations of the due process clause; and (3) violations of the ex

post facto clause. The Court will first address Parole Board Defendants' statute of limitations defense and then address each cause of action in turn.[5]

### 1. Statute of Limitations

Parole Board Defendants preliminarily argue that the "allegations concerning the 2013 hearing are barred by the statute of limitations." (Mot. to Dismiss 6:3). Section 1983 actions are treated as state law personal injury actions for purposes of applying the statute of limitations. *Harding v. Balceran*, 889 F.2d 906, 907 (9th Cir. 1989). The Nevada statute of limitations for personal injury actions is two years. NRS § 11.190(4)(e). Therefore, the statutory period for bringing a § 1983 action is two years as well. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Lyons v. Bisbee*, No. 3:07-cv-460-LRH-RAM, 2009 WL 801824, at *4 (D. Nev. Feb. 10, 2009), *report and recommendation adopted*, No. 3:07-cv-00460-LRH-RAM, 2009 WL 872436 (D. Nev. Mar. 25, 2009).

A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*; *see Prof-2013-S3 Legal Title Tr., by U.S. Bank Nat'l Ass'n v. SFR Investments Pool 1, LLC*, No. 2:17-cv-02079-JAD-PAL, 2018 WL 2465177, at *3 (D. Nev. May 31, 2018) (discussing tolling implications with NRS § 11.190(3)(a)).

---

[5] As a threshold matter, Parole Board Defendants argue that "[t]he Nevada Legislature has expressly stated that its creation of standards relating to parole does not establish a basis for any cause of action" pursuant to NRS § 213.10705. (Mot. to Dismiss 5:16–17). Parole Board Defendants conclude that because of this statute, "the Complaint should be dismissed in its entirety." (Mot. to Dismiss 6:1). However, this District interprets the statute as precluding an inmate from having a state-created liberty interest in parole, and not to blanket preclude inmates from challenging their parole proceedings. *See, e.g.*, *Garcia v. Nevada Bd. of Prison Comm'rs*, No. 3:06-cv-0118-JCM-VPC, 2008 WL 818981, at *7 (D. Nev. Mar. 24, 2008). Therefore, the Court cannot dismiss the Complaint in its entirety pursuant to NRS § 213.10705.

Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *See Hardin v. Straub*, 490 U.S. 536, 537–39 (1989); *Fink v. Shedler*, 192 F.3d 911, 913–14 (9th Cir. 1999). However, federal law determines when a claim accrues for a § 1983 action. *See Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994). A claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

In the Motion to Dismiss, Parole Board Defendants assert that "[b]ecause it has been more than two years since the [2013 hearing] and order that Plaintiff is challenging, the claims relating to the 2013 hearing are barred by the statute of limitation." (Mot. to Dismiss 6:6–8). However, Plaintiff argues that his violation of rights took place over a period of time and was a continuing wrong resulting in an injury that is accruing continuously. (*See* Resp. at 6, ECF No. 57). Plaintiff further asserts that "he did not learn of, know or have reason to know of the wrong that accrued in [the 2013 hearing] until 2016." (*Id.*). Specifically, Plaintiff states that he did not discover that the "false charges and information" were in his 2013 parole board report until 2016 due to a "computer glitch." (*Id.* at 7). Plaintiff continues that "this is not a document that is carried in NDOC law libraries." (*Id.*).

Taking Plaintiff's assertions in the light most favorable to him, the Court cannot find at this point that the allegations concerning the 2013 hearing are barred by the statute of limitations. Plaintiff asserts that he was not aware of the improper statute used in his parole board hearing until 2016. (Resp. at 6). Moreover, Parole Board Defendants do not challenge the assertion that Plaintiff did not learn of the 2013 hearing allegations until 2016. Neither do they provide any reasoning why Plaintiff should have been aware of the classification before this date. Accordingly, the Court finds that because Plaintiff did not know of the infraction at

his 2013 hearing until 2016, he could not have learned of the injury until 2016, and his claims are therefore not barred by the statute of limitations.

### 2. Equal Protection Claim

Parole Board Defendants argue that Plaintiff's equal protection claim fails because "Plaintiff has not set forth factual allegations plausibly suggesting that Parole Board Defendants 'employed an explicit racial classification sufficient to trigger strict scrutiny.'" (Mot. to Dismiss 6:24–25) (citing *Arlington Heights v. Metro. Housing Corp.*, 429 U.S. 252, 266 (1977)).

The Fourteenth Amendment provides that states may not deny persons the equal protection of the laws. U.S. Const. amend. XIV. Inmates "are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974) (citation omitted); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). To state a viable equal protection claim, Plaintiff "must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Id.* (citation omitted).

Here, Plaintiff premises his equal protection claim on the assertion that white inmates with a single sexual assault conviction were given moderate risk to re-offend levels instead of the high risk to re-offend that he received. (Compl. at 26). Plaintiff further alleges that NDOC Defendants removed gang affiliation designations for white inmates when they were no longer a part of a gang. (*Id.*). Moreover, Plaintiff asserts that Parole Board Defendants converted sexual assault sentences for black inmates to life without parole but failed to do so for white inmates. (*Id.* at 25, 27).

This case as alleged against Parole Board Defendants does not involve a race-based policy. Instead, it involves race-neutral parole board determinations that Plaintiff asserts were racially motivated in comparison to treatment received by other inmates. (*See* Compl. at 25, 27). Moreover, Plaintiff fails to sufficiently plead that Parole Board Defendants acted with a discriminatory purpose or intent other than the conclusory allegation that other sentences were converted for black inmates. Accordingly, the Court dismisses Plaintiff's equal protection claim against Parole Board Defendants.

### 3. Due Process

Parole Board Defendants argue that "Plaintiff cannot state a due process violation because he cannot establish a liberty interest for which protection is sought." (Mot. to Dismiss 10:7–8). The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A due process analysis proceeds in two steps. "The first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

"A liberty interest may arise from either of two sources: the due process clause itself or state law." *Carver v. Lehman*, 558 F.3d 869, 872 (9th Cir. 2009) (quoting *Toussaint v. McCarthy*, 801 F.2d 1080, 1089 (9th Cir. 1986)). The guarantees of the Fourteenth Amendment apply only when a constitutionally protected life, liberty, or property interest is at stake. *See Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003); *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998). Prisoners, however, have "no constitutional or inherent right" to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Plaintiff argues that Parole Board Defendants violated his Fourteenth Amendment due process rights based on conducting parole hearings on a fabricated record. (Compl. at 20–21).

Moreover, Plaintiff alleges that Parole Board Defendants implemented a new parole board risk assessment scheme, and the new scheme classified him as a high risk to re-offend thus causing the parole board to deny him parole. (*Id.* at 32). Because Plaintiff has no constitutional right to parole, *Greenholtz*, 442 U.S. at 7, the Court must assess whether Plaintiff has a right under state law.

While a state may create a liberty interest in parole, Nevada has not. *See Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010) ("Nevada's statutory parole scheme, however, expressly disclaims any intent to create a liberty interest."); *see also McCune v. Legrand*, 657 F. App'x 724, 725 (9th Cir. 2016); *Fernandez v. Jackson*, 667 F. App'x 954 (9th Cir. 2016) ("Nevada law does not create a liberty interest in parole."); *Tribble v. Gibbons*, 415 F. App'x 828, 829 (9th Cir. 2011) ("The district court properly dismissed [plaintiff's] Fourteenth Amendment due process claim because Nevada law does not create a liberty interest in parole."); *Tripp v. Nevada State Parole Bd.*, 2018 WL 3231243, at *7 (D. Nev. July 2, 2018). Accordingly, Plaintiff is precluded from bringing a due process cause of action under either federal law or state law for his parole denial. Because of this, the Court dismisses Plaintiff's due process cause of action against Parole Board Defendants with prejudice.

### 4. Ex Post Facto

Parole Board Defendants contend that Plaintiff's ex post facto claim rests in the administration of his risk assessment. (*See* Mot. to Dismiss 11:4–6) ("Plaintiff seems to be arguing that the change from the psychological review panel to use of the unchanging Static-99R to determine risk was improper, inaccurate, unfair, and a violation of the Ex Post Facto clauses."). Parole Board Defendants assert that this argument "fails on the merits." (*Id.* 11:4). Plaintiff argues that prior to the new scheme, Plaintiff was classified as a moderate risk to re-offend, but the new scheme classified him as a high risk to re-offend, thus causing Parole Board Defendants to deny him parole. (Compl. at 32). Moreover, Plaintiff argues that by Garofalo

reclassifying him as high risk to re-offend, and by Parole Board Defendants conducting hearings based on a fabricated record, Plaintiff has essentially received a different sentence. (*Id.* at 20–21).

The States are prohibited from enacting an ex post facto law. U.S. Const., Art. I, § 10, cl. 1. "One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." *Id.* "A law violates the Ex Post Facto Clause if it is 1) retroactive–'it applies to events occurring before its enactment;' and 2) detrimental–it 'produces a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Brown v. Palmateer*, 379 F.3d 1089, 1093 (9th Cir. 2004) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981), and *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504, (1995), respectively).

The Supreme Court has not adopted "a single formula for identifying which legislative adjustments, in matters bearing on parole, would survive an ex post facto challenge." *Garner v. Jones*, 529 U.S. 244, 252 (2000). Instead, "[t]he question is whether the amended [rule] creates a significant risk of prolonging [the prisoner's] incarceration," and there is no constitutional violation where the legislative change produces "only the most speculative and attenuated possibility of producing the prohibited effect." *Id.* at 251 (citing *Morales*, 514 U.S. at 509). "[T]he focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' nor . . . on whether an amendment affects a prisoner's opportunity to take advantage of provisions for early release." *Morales*, 514 U.S. at 506 n. 3 (internal quotation marks omitted). "[T]he question of what legislative adjustments will be held to be of sufficient moment . . . must be a matter of degree." *Id.* at 509.

In the instant case, Plaintiff alleges that the parole board retroactively applied NRS § 213.1255 in a way that altered his sentence. (Compl. at 20–21). However, Parole Board Defendants have no power to alter Plaintiff's sentence. *See Dunham v. Crawford*, No. 3:05-cv-00183-LRH-RAM, 2008 WL 624444, at *6 (D. Nev. Mar. 4, 2008) ("The judgment of conviction determined the sentence, not the parole board."). Plaintiff was convicted of sexual assault under NRS §§ 200.364 and 200.366 and sentenced to life with the possibility of parole after ten years had been served. (Compl. at 9). The sentencing court also issued Plaintiff a consecutive sentence of eight to twenty years. (*Id.*).

In determining retroactivity, the "critical question is whether the [regulations] change[ ] the legal consequences of acts completed before [the] effective date[of the regulations.]" *See Weaver v. Graham*, 450 U.S. 24, 31 (1981). Parole eligibility affects the length of a prison term and therefore affects the measure of punishment attached to the original crime. *See id.* at 31–32. Although the Parole Board Defendants notably made the same error in both of Plaintiff's parole hearings, the application of NRS § 213.1255 does not change the legal consequence of Plaintiff's acts completed resulting in his life conviction. Specifically, Plaintiff's sentence remains life with the possibility of parole after ten years had been served. Parole eligibility does not affect the length of a life prison term, and under Nevada law, Plaintiff is not entitled to parole on a life sentence. *See Dunham v. Crawford*, 2008 WL 624444, at *9 (D. Nev. Mar. 4, 2008). Therefore, NRS § 213.1255 could not have altered Plaintiff's life sentence. The Court thus dismisses Plaintiff's ex post facto claim as alleged against Parole Board Defendants.

### 5. Leave to Amend and Absolute Immunity

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should

grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

While the allegation of other facts may cure some of the deficiencies in Plaintiff's claims, Parole Board Defendants argue that absolute immunity applies. In the Motion to Dismiss, Parole Board Defendants allege that "Plaintiff's claims against the Parole Board Defendants concern their decision to deny him parole," and because of this, "Parole Board Defendants are entitled to absolute immunity from Plaintiff's claims." (Mot. to Dismiss 15:23–26).

Indeed, parole board members are entitled to absolute immunity for parole board decisions. *See Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir. 1991) ("Although a section 1983 action may be maintained against officials acting in their individual capacities, parole board officials are entitled to absolute immunity from liability for damages for their actions taken when processing parole applications."); *see also Brown v. California Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009). The Eleventh Amendment entitles parole officials to absolute immunity from lawsuits for actions that they take that are quasi-judicial in nature. Such duties include the decision to grant, deny, or revoke parole. *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004); *Anderson v. Boyd*, 714 F.2d 906, 908–909 (9th Cir. 1983); *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981). Because parole conditions are an integral part of the decision to grant parole, their imposition is a quasi-judicial function and entitle parole board members to absolute immunity. *Anderson*, 714 F.2d at 909 (citing *Morrissey v. Brewer*, 408 U.S. 471, 478 (1972)).

Plaintiff argues that "he is not challenging [Parole Board Defendants'] right/decision to deny him parole," but is challenging "the fact that [Parole Board Defendants] repeatedly and

intention[ally] misapplied there [sic] own internal guidelines by applying aggravating factors to him." (Resp. at 20). While this is taken as true at this stage in the proceeding, the ultimate misapplication occurred during the parole board hearing, and the misapplication of law was used in making a decision to grant or deny parole.[6] Because the infractions that Plaintiff alleges against Parole Board Defendants center on how the decisions were made at his hearings,[7] Parole Board Defendants are entitled to absolute immunity on Plaintiff's claims. Accordingly, the Court cannot grant leave to amend the Complaint against Parole Board Defendants, and Plaintiff's claims against Parole Board Defendants are dismissed with prejudice.[8]

---

[6] While Parole Board Defendants are entitled to absolute immunity for their quasi-judicial decisions, this immunity extends to parole board officials as well, such as Foley. *See Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981), (holding that "parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications"); NAC §§ 213.524, 213.526. Accordingly, all Parole Board Defendants are entitled to absolute immunity.

[7] Parole Board Defendants also assert the argument that a § 1983 complaint is the improper vehicle for Plaintiff's claims, as Plaintiff's claims should have been brought through a petition for habeas corpus. (Mot. to Dismiss 16:1–13). However, Plaintiff's Complaint is proper because he is challenging parole procedures and not his confinement. *See Kelso v. Armstrong*, 616 F. Supp. 367, 369 (D. Nev. 1985) ("Where a prisoner seeks release from confinement as well as damages and equitable relief in a § 1983 action, the release from confinement claims should be dismissed because a habeas corpus proceeding is the proper vehicle for such claims. . . . Nevertheless, a challenge to parole procedures may be made in a § 1983 action.") (internal citations omitted).

[8] Because Parole Board Defendants have absolute immunity, Plaintiff's Counter Motion for Summary Judgment against Parole Board Defendants is **DENIED**. Although Plaintiff's Counter Motion for Summary Judgment asserts arguments against NDOC Defendants, the Court denies the Motion without prejudice as premature. While a summary judgment motion may technically be filed "at any time," such motions generally should not be made before defendants have had adequate time for discovery. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1100 n.15 (9th Cir. 2009); *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the [defendants] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion."); *Williams v. Yuan Chen*, NO. S–10–1292 CKD P, 2011 WL 4354533, at *3 (E.D. Cal. Sept. 16, 2011) (denying the plaintiff's motion for summary judgment as premature where the defendant had not yet filed an answer and the court had not issued a discovery order). Because discovery was previously stayed and has yet to be conducted, the Court finds that discovery would be beneficial in order to fully determine the merits of Plaintiff's allegations.

**B. Objection to Judge Ferenbach's Order, (ECF No. 61)**

Plaintiff filed an Objection to Judge Ferenbach's Order, (ECF No. 61), which denied Plaintiff's request to conduct discovery, (ECF No. 44), and granted Parole Board Defendants' Motion to Stay Discovery, (ECF No. 52), pending resolution of their Motion to Dismiss. Specifically, Judge Ferenbach denied Plaintiff's Motion because it contained "no indication of what discovery Plaintiff seeks and no citations to any legal authority." (Order 3:9–10). Judge Ferenbach further granted Parole Board Defendants' Motion to Stay Discovery because Plaintiff failed to file an opposition to the Motion. (*Id.* 3:12). Moreover, Judge Ferenbach continued that Parole Board Defendants' Motion was granted because "there is a significant likelihood that the complaint will be considerably limited in scope if not eliminated entirely when the pending motion to dismiss is decided." (*Id.* 3:13–15).

Plaintiff's Objection challenges the Magistrate Judge's decisions on pretrial matters. Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3–1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1–3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the Court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). An order is not clearly erroneous if it is just maybe or probably wrong; rather, an order is clearly erroneous when it is "dead wrong" and appears so on a first impression. *Alaimalo v. United States*, 645 F.3d 1042, 1060 (9th Cir. 2011). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

In Plaintiff's Objection, he argues that "Plaintiff requested leave to conduct discovery to procure evidence that is relevant to the material facts of this case . . . ." (Obj. at 1, ECF No. 66). While Plaintiff continues to argue the merits of his case in his Objection, he fails to argue that Judge Ferenbach's Order was clearly erroneous or contrary to law. Because of this, Plaintiff's Objection is overruled.

### C. Motions for Preliminary Injunction

In Plaintiff's Motions for Preliminary Injunction, he seeks, *inter alia*, that the Court precludes Defendants from using the "'Amended Version' of 'The Sex Offender Classification – NRS 213.1214' to Plaintiff's sex offender classification risk assessment," "to immediately provide Plaintiff with a 'Parole Eligibility Hearing,'" "to hold his parole eligibility hearing based upon the crime that he was actually convicted of," and "for Defendants not to add additional false charges and false criminal history at his parole board hearings." (Mot. for Prelim. Inj. at 2, ECF No. 68).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In Plaintiff's Motions, Plaintiff has failed to establish that he will suffer irreparable harm if he must wait until 2019 to receive a new parole eligibility hearing. (*See* Mot. for Prelim. Inj.

at 8). As discussed *supra*, Plaintiff is serving a life sentence with the possibility of parole, and parole eligibility does not affect the length of a life prison term. *See Dunham v. Crawford*, 2008 WL 624444, at *9 (D. Nev. Mar. 4, 2008). Moreover, Plaintiff's harm is not irreparable as he will ultimately receive a parole hearing. Accordingly, Plaintiff's Motions for Preliminary Injunction are denied.[9]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Parole Board Defendants' Motion to Dismiss, (ECF No. 47), is **GRANTED**. Plaintiff's claims asserted against Parole Board Defendants are **DISMISSED with prejudice**. Plaintiff's claims against the NDOC Defendants remain.

**IT IS FURTHER ORDERED** that Plaintiff's Counter Motion for Summary Judgment, (ECF No. 58), is **DENIED**.

**IT IS FURTHER ORDERED** that Parole Board Defendants' Motion to Extend Time, (ECF No. 60), is **GRANTED nunc pro tunc**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Magistrate Judge's Order, (ECF No. 66), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Preliminary Injunction, (ECF Nos. 68, 74), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument, (ECF No. 78), is **DENIED as moot**.

**DATED** this __22__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[9] Because all of the pending Motions currently before the Court are adjudicated in this Order, Plaintiff's Motion for Oral Argument, (ECF No. 78), is **DENIED as moot**.