# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LAUSTEVEION JOHNSON,                )
                                    )
                    Plaintiff,      )     Case No.: 2:16-cv-01889-GMN-VCF
        vs.                         )
                                    )         **ORDER**
GAROFALO, et al.,                   )
                                    )
                    Defendants.     )
_____)

        Pending before the Court is the Motion to Alter or Amend Order, (ECF No. 93), filed by

Plaintiff Lausteveion Johnson ("Plaintiff").[1]  Defendants Board of Parole Commissioners

("Parole Board"), Parole Commissioner Chairman Connie S. Bisbee ("Bisbee"), Parole Board

Commissioner Lucille Monterde ("Monterde"), Parole Board Commissioner Michael Keeler

("Keeler"), and Executive Secretary Darla Foley ("Foley") (collectively "Parole Board

Defendants") filed a Response, (ECF No. 96), and Plaintiff filed a Reply, (ECF No. 100).

        Also pending before the Court is Plaintiff's Motion for Preliminary Injunction, (ECF

No. 92).  Defendants Brian Williams, Gregory Yates, James Dzurenda, Micaela Garofalo,

Catherine Cortez-Masto, Adam Laxalt, Brian Sandoval, Howard Skolnik, James Cox, and the

Offender Management Division filed a Response, (ECF No. 95), and Plaintiff filed a Reply,

(ECF No. 98).

        Also pending before the Court is Plaintiff's Motion for Leave to File a Second Amended

Complaint, (ECF No. 87).  All Defendants filed a Response, (ECF No. 90), and Plaintiff filed a

Reply, (ECF No. 94).

_____

[1]  In light of Plaintiff's status as a pro se litigant, the Court liberally construes his filings, holding them to
standards less stringent than pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

# I.   **BACKGROUND**

This case arises from two of Plaintiff's parole hearings while incarcerated in the Nevada Department of Corrections ("NDOC"). Plaintiff was convicted of sexual assault pursuant to Nevada Revised Statutes ("NRS") §§ 200.364 and 200.366, and sentenced to life with the possibility of parole after ten years. (First Am. Compl. at 9, ECF No. 11). The sentencing court additionally issued Plaintiff a consecutive sentence of eight to twenty years. (*Id.*). Plaintiff was nineteen years old when he was charged, and his victim was sixteen-years-old. (*Id.*). Neither of Plaintiff's convictions were under NRS § 213.1255, which is for a sexual offense against a child under the age of fourteen. (*Id.*).

Plaintiff's first parole hearing occurred on February 20, 2013. (*Id.*). Plaintiff alleges that at the 2013 hearing the Parole Board Defendants denied Plaintiff parole based on the false premise that Plaintiff had sexually assaulted a thirteen-year-old child. (*Id.*). Plaintiff further alleges that in 2013, prison officials categorized Plaintiff as a "moderate risk to re-offend." (*Id.*). After Plaintiff appealed his denial, Plaintiff asserts that the Parole Board Defendants admitted the Parole Board made a mistake, and acknowledged that Plaintiff's victim was sixteen-years-old and not thirteen. (*Id.*). Although the Parole Board allegedly admitted this mistake, they denied Plaintiff a rehearing. (*Id.*).

Plaintiff's second parole hearing occurred on March 16, 2016. (*Id.*). At the 2016 hearing, Plaintiff alleges that the Parole Board Defendants once again conducted the hearing under the pretense that Plaintiff was convicted of a sexual offense against a child under the age of fourteen pursuant to NRS § 213.1255. (*Id.* at 9–10). Plaintiff asserts that NDOC Defendants Yates, Williams, and Garofalo submitted this false information in their February 11, 2016 parole report out of retaliation for Plaintiff's filing of multiple grievances. (*Id.* at 10). Because the Parole Board Defendants relied on this allegedly false information, Plaintiff contends that he was once again unfairly denied parole consideration. (*Id.*).

Plaintiff appealed the 2016 denial and requested a rehearing, which Parole Board Defendant Keeler denied. (*Id.* at 11). Keeler's denial stated that Plaintiff was correct that he was not convicted of the sexual assaults under NRS § 213.1255; and that because of the error, the Parole Board had struck the two sexual assaults from consideration and from the record. (*Id.*). Keeler also stated that the Parole Board had issued a new order on May 11, 2016, to correct the false reports. (*Id.* at 12–13). However, Plaintiff notified Keeler that the new denial order continued to state that Plaintiff's victim was under the age of fourteen. (*Id.* at 13). Keeler replied that a few years' age difference did not change anything. (*Id.*).

Further, Keeler informed Plaintiff that Garofalo returned a high-risk assessment for Plaintiff even though the Parole Board had returned a moderate risk. (*Id.*). According to Keeler, however, the Parole Board had to use the higher assessment. (*Id.*). Because of the assessment, Keeler strongly encouraged Plaintiff "to focus [his] energy on working with NDOC treatment staff to bring [his] sexual offense assessment below the high risk category." (*Id.*).

Plaintiff filed his Amended Complaint on October 24, 2016. (First Am. Compl., ECF No. 11). On June 10, 2017, the Court issued its Screening Order, (ECF No. 16), where the following claims survived: (1) retaliation; (2) violations of the equal protection clause; (3) violations of the due process clause; and (4) violations of the ex post facto clause. On August 22, 2018, the Court dismissed Plaintiff's claims against the Parole Board Defendants with prejudice. (Order 17:7–9, ECF No. 88). The Court also denied Plaintiff's motion for summary judgment and motion for a preliminary injunction. (*Id.* 17:10–17).

Plaintiff now requests that the Court amend its August 22, 2018 Order on the ground that the Court misinterpreted the allegations in his First Amended Complaint and did not consider Plaintiff's claims in his pending Second Amended Complaint, which the Court had not

granted leave to file at the time of the Court's Order.[2] (Mot. Am. 2:16–23, ECF No. 93). Additionally, Plaintiff again seeks a preliminary injunction against Defendants and a new parole hearing. (Mot. Prelim. Inj. at 2, ECF No. 92).

## II.   LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III.   DISCUSSION

### A.  Motion to Alter or Amend Order

Plaintiff's Motion to amend the Court's prior Order relates to Plaintiff's due process claim against the Parole Board Defendants.  The Court previously dismissed Plaintiff's due process claim against the Parole Board Defendants on the ground that Plaintiff did not have a right to parole, and thus could not allege a due process violation associated with the decision to deny parole. (Order 9:9–10:16, ECF No. 88).  Plaintiff emphasizes in his Motion to amend that his due process claim was not entirely about the denial of parole.  Rather, his claim relied on his right to have the parole board follow their own internal guidelines during a parole hearing, which the Parole Board Defendants allegedly did not do. (Mot. Am. at 4, ECF No. 93).  As explained below, Plaintiff is correct: his allegations resemble a viable due process claim against the Parole Board Defendants for failure to follow internal guidelines in a parole hearing.

---

[2] The Court construes Plaintiff's Motion to Alter or Amend Order, (ECF No. 93), as a motion for reconsideration.

The determination of a due process claim involves a two-step analysis. First, the Court asks, "whether there exists a liberty or property interest which has been interfered with by the State." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The second step asks, "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Id.* With the first step, "[a] liberty interest may arise from either . . . the due process clause itself or state law." *Carver v. Lehman*, 558 F.3d 869, 872 (9th Cir. 2009) (quoting *Toussaint v. McCarthy*, 801 F.2d 1080, 1089 (9th Cir. 1986)). The guarantees of the Fourteenth Amendment apply only when a constitutionally protected life, liberty, or property interest is at stake. *See Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003); *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998). Prisoners, however, have "no constitutional or inherent right" to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Though Nevada has not created a liberty interest in the grant of parole, eligible Nevada inmates "have a statutory right to receive proper consideration for parole." *Anselmo v. Bisbee*, 396 P.3d 848, 853 (Nev. 2017). Thus, a Nevada parole board violates an inmate's due process rights when it considers inapplicable aggravating factors during that inmate's parole hearing in violation of internal guidelines. *Id.*

Here, Plaintiff's due process claim is based, in part, on allegations that the Parole Board Defendants applied improper procedures and inapplicable aggravating factors during Plaintiff's parole board hearings. For example, Plaintiff alleges that Defendants considered incorrect sexual assault convictions against Plaintiff, and wrongfully classified Plaintiff's criminal record as "increasingly more serious." (Mot. Am. at 4, ECF No. 93); (First Am. Compl. at 9–10, 14–15, ECF No. 11). These allegations align with the Nevada Supreme Court's holding in *Anselmo v. Bisbee*, and thus may serve as a viable basis for a due process claim due to alleged application of inapplicable aggravating factors during consideration of parole. *See Anselmo*, 396 P.3d at 853 ("[E]ligible Nevada inmates have a statutory right to be considered for parole

by the Board . . . [and] [t]his court cannot say that an inmate receives proper consideration when the Board's decision is based in part on an inapplicable aggravating factor.").[3]

Because Plaintiff alleges a viable due process cause of action, the Court must then consider whether that claim can proceed against the Parole Board Defendants, which the Court previously found to be absolutely immune from Plaintiff's suit. (*See* Order 13:11–14:9, ECF No. 88). Upon reconsideration, the Court reaffirms its finding that the Parole Board Defendants are absolutely immune from Plaintiff's due process claim to the extent that Plaintiff seeks monetary damages. However, absolute immunity does not extend to injunctive relief against the Parole Board Defendants. *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2013); *Tripp v. Bisbee*, 670 F. App'x 494, 495 (9th Cir. 2016). Plaintiff accordingly can proceed with his due process claim for injunctive relief based on the Parole Board Defendants' alleged failure to provide proper consideration for Plaintiff's parole; and the Parole Board Defendants are reinstated as parties in this suit. *See Anselmo*, 396 P.3d at 853.

Alongside Plaintiff's claim that the Parole Board Defendants failed to follow their own internal guidelines, Plaintiff asserts an additional basis for a due process claim in his Motion to amend the Court's prior order.[4] (*See* Second Am. Compl. at 19–20, ECF No. 87-1); (Mot. Am. at 7–9, ECF No. 93). Plaintiff's new basis argues that the Parole Board Defendants, during Plaintiff's parole hearings, considered an improper risk assessment provided by the NDOC. (*See* Second Am. Compl. at 14–15, ECF No. 87-1) (discussing the NDOC's allegedly

---

[3] Notably, the Board of Parole Commissioners considered Plaintiff's allegations that it misapplied its own internal guidelines during Plaintiff's prior parole hearings, and the Board states that it took actions to correct those mistakes. (Letter, ECF No. 27-3). The outstanding issue, however, is whether the Board rectified all mistakes so that they do not improperly impact Plaintiff's future parole hearings.

[4] This new basis for a due process claim arises from Plaintiff's proposed Second Amended Complaint, which the Court has not granted leave to file. Nevertheless, because this new basis has been briefed by the parties, the Court now considers whether Plaintiff can assert a new due process claim if he were granted leave to file a Second Amended Complaint. However, the Court will not consider the remaining claims in the proposed Second Amended Complaint until Plaintiff has been granted leave to file that pleading.

unauthorized risk assessment of Plaintiff); (*see* Mot. Prelim. Inj. at 5, ECF No. 92). According to Plaintiff, that improper risk assessment labeled him as a "high" risk to re-offend, whereas other assessments from the parole board labeled him as a "moderate risk." (*See* Second Am. Compl. at 21, ECF No. 87-1); (*see* Mot. Prelim. Inj. at 5–6, ECF No. 92). Plaintiff argues that under NDOC Administrative Regulation 537 ("AR 537"), this high-risk assessment from the NDOC should never have existed because AR 537 does not authorize officials to conduct a risk assessment when an inmate's parole will not result in release. (*See* Second Am. Compl. at 21, ECF No. 87-1); (*see* Mot. Prelim. Inj. at 5–6, ECF No. 92).

The Court finds that Plaintiff has not articulated a basis under AR 537 to support a due process claim against the Parole Board Defendants. First, AR 537 does not prohibit the NDOC from conducting a risk assessment of Plaintiff before a parole hearing. *See* NDOC Admin. Reg. 537.03(B) (stating "certification cannot be required before [a prisoner] is institutionally paroled to his consecutive sentence"; but placing no bar on the NDOC's ability to conduct a risk assessment). Second, NRS 213.1214(3) permits the NDOC to conduct the risk assessment if doing so "may assist the Board in determining whether parole should be granted or continued." Nev. Rev. Stat. 213.1214(3). Similarly, the Parole Board Defendants properly considered the NDOC's assessment under Nevada Administrative Code 213.514(3) during Plaintiff's parole hearings. *See* Nev. Admin. Code 213.514(3) (permitting a parole board to use a risk assessment from a "currently accepted standard"); *Coles v. Bisbee*, 422 P.3d 718, 720 (2018). Accordingly, Plaintiff's basis for a due process violation under AR 537 is not consistent with *Anselmo v. Bisbee*, 396 P.3d 848, 853 (Nev. 2017), because this new basis does not identify how the Parole Board Defendants relied on an aggravating factor in violation of procedural guidelines.[5]

---

[5] Plaintiff argues that actions which remove parole eligibility violate due process under *Wilkinson v. Austin*, 545 U.S. 209 (2005). (Mot. Am. at 6, ECF No. 93). Plaintiff then argues that the NDOC's high-risk assessment violated his due process rights because it required the parole board to deny him parole. (*Id.* at 8). First, however,

## B. Motion to Amend Complaint

Plaintiff's Motion to file a Second Amended Complaint states that Plaintiff seeks to "clarify his arguments" based on "newly discovered evidence." (Mot. Am. Compl. 2:2–6, ECF No. 87). As explained below, however, Plaintiff has not provided adequate clarification nor followed the applicable procedural rules to warrant leave to file the Second Amended Complaint.

First, Plaintiff's proposed Second Amended Complaint names parties that the Court previously explained to be immune from suit. For example, Plaintiff sues the Nevada Department of Corrections, which is immune from suit as arm of the state of Nevada under the Eleventh Amendment. (Order 1:19–20 n.1, ECF No. 88); *see, e.g.*, *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

Second, Plaintiff does not comply with the District's Local Rule 7-2, which requires a motion to have a supporting memorandum of points and authorities. Dist. Nev. L.R. 7-2. While Plaintiff includes a single page labeled "memorandum of points and authorities," that page includes only three conclusory sentences stating Plaintiff has obtained "newly discovered evidence" and that some of his claims "are no longer relevant." (Mot. Am. Compl. 2:2–6, ECF No. 87). Plaintiff's motion does not provide an explanation of what new evidence he discovered, which claims are no longer relevant, and how the Second Amended Complaint adds to the First Amended Complaint. *See Crawford v. Kroger Co.*, No. 2:18-cv-01156-APG-CWH, 2019 WL 188422, at *2 (D. Nev. Jan. 14, 2019).

---

the Court in *Wilkinson v. Austin* found a liberty interest under a combination of deprivations, not simply a removal of parole eligibility. *See* 545 U.S. at 223–24. Thus, the holding in *Wilkinson v. Austin* is inapplicable to the facts here. Second, Nevada has not created a due process right to parole. Nev. Rev. Stat. 213.10705. Thus, while the NDOC's risk assessment impacts Plaintiff's eligibility for parole, it does not impact a liberty interest that can support a due process claim against the Parole Board Defendants. *See, e.g.*, *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RA, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009) (analyzing NRS § 213.1214, and explaining "where there is no liberty interest in parole, there is no liberty interest in parole eligibility").

The Court thus denies Plaintiff's Motion for leave to file a Second Amended Complaint. Nevertheless, Plaintiff may be able to correct these identified deficiencies. Therefore, Plaintiff may, if he elects to do so, refile his motion in accord with the decisions in this Order and in a format that complies with the Court's local rules.

## C. Motion for Preliminary Injunction

In Plaintiff's Motion for Preliminary Injunction, he seeks to preclude Defendants from improperly considering Plaintiff's prior conviction as being under NRS § 213.1255 and from using the "high" risk assessment provided by the NDOC. (Mot. Prelim. Inj. at 5, ECF No. 92). Plaintiff accordingly requests that the Court order an immediate re-hearing for Plaintiff's parole based on proper standards in the Board of Parole Commissioners' internal guidelines. (*Id.* at 8).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Further, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, Plaintiff's Motion for a Preliminary Injunction relies, in part, on the likelihood of success with his due process claim that the NDOC improperly conducted a risk assessment of Plaintiff under AR 537. (*See* Mot. Prelim. Inj. at 5–6, ECF No. 92). However, as previously explained in this Order, Plaintiff has not established a likelihood of success on the merits of that due process theory.

Additionally, Plaintiff has not established a likelihood of irreparable harm without preliminary injunctive relief. To explain, the Court's prior Order denied Plaintiff's previous request for preliminary injunctive relief because Plaintiff would ultimately receive a parole hearing this year. (Order 17:3–5, ECF No. 88). According to Plaintiff, that parole hearing is still scheduled to occur. (*See* Mot. Prelim. Inj. at 15, ECF No. 92). Plaintiff will therefore receive the hearing that he seeks, regardless of court intervention. Further, since parole is not a right under Nevada law, Plaintiff has not shown an irreparable harm were he to not receive immediate injunctive relief and instead had to serve his sentence while proving the merits of his claims during the pendency of this lawsuit. *See State, ex rel. Bd. of Parole Comm'rs v. Morrow*, 255 P.3d 224, 228 (Nev. 2011). Accordingly, the Court denies Plaintiff's motion for a preliminary injunction. [6]

///
///
///
///
///
///
///
///
///
///
///

---

[6] Also pending before the Court are Plaintiff's Motion for Oral Arguments on Preliminary Injunction, (ECF No. 89), and the Parole Board Defendants' Motion to Strike, (ECF No. 97), which seeks to remove the Parole Board Defendants from being named in Plaintiff's Motion for a preliminary injunction. Because the Court denies Plaintiff's Motion for Preliminary Injunction, (ECF No. 92), the Court then denies Plaintiff's Motion for Oral Arguments, (ECF No. 89), and Parole Board Defendants' Motion to Strike, (ECF No. 97), as moot.

## IV.    CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend Order, (ECF No. 93), is **GRANTED in part**, and **DENIED in part**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint, (ECF No. 87), is **DENIED without prejudice**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction, (ECF No. 92), is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Oral Argument on Preliminary Injunction, (ECF No. 89), is **DENIED as moot**.

IT IS FURTHER ORDERED that the Parole Board Defendants' Motion to Strike, (ECF No. 97), is **DENIED as moot**.

**DATED** this __25__ day of February, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court