# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

LAUSTEVEION JOHNSON,

        Plaintiff,

vs.

GAROFALO, *et al.*,

        Defendants.

2:16-cv-01889-GMN-VCF

**ORDER**

MOTION TO COMPEL [ECF NO. 106]; REQUEST FOR SETTLEMENT CONFERENCE [ECF NO. 107]; MOTION TO EXTEND TIME [ECF NO. 108]

    Before the Court is Plaintiff Lausteveion Johnson's Motion to Compel Discovery (ECF No. 106), Request for Settlement Conference (ECF No. 107), and Motion for Extension of Discovery Deadline (ECF No. 108). For the reasons discussed below, Plaintiff's motions are denied.

## **MOTION TO COMPEL DISCOVERY**

    On December 18, 2018, Plaintiff served discovery requests on Defendants Brian Williams, Gregory Yates, James Dzurenda, Micaela Garofalo, Catherine Cortez-Masto, Adam Laxalt, Office of the Attorney General, Brian Sandoval, Howard Skolnik, James Cox, and the Offender Management Division. (ECF No. 106 at 2, 7-15). The interrogatories are broken up into sections and directed at groups of Defendants, except for one section directed solely at Garofalo. (*Id.* at 7-12). The requests for production of documents are directed to all Defendants collectively. (*Id.* at 14-15).

    Plaintiff granted Defendants an extension to respond to the discovery requests. (*Id.* at 2). On February 1, 2019, Defendants sent a letter to Plaintiff stating that the discovery requests would not be answered because they were not addressed to individual Defendants. (*Id.* at 17-18).

On March 7, 2019, Plaintiff filed a motion to compel responses to his discovery requests, arguing that Defendants' objections are waived for failure to timely respond and the requested discovery is relevant. (*Id.* at 3-4). In response, Defendants argue that they cannot respond to the discovery requests as written, because they are directed to more than one Defendant. (ECF No. 109 at 5-8). The one exception are the interrogatories directed to Garofalo, which Defendants assert contain irrelevant and harassing questions. (*Id.* at 7). Defendants also point out that Plaintiff has sent a First Amended Set of Interrogatories and a Request for Production of Documents specifically addressed to Dzurenda. (*Id.* at 8).

"A party may serve on any other party" interrogatories or a request for production of documents. Fed. R. Civ. P. 33(a), 34(a). Defendants could not respond to Plaintiff's discovery requests, as they were directed at more than one individual or entity. It would be unnecessarily complicated, if not impossible, for each individual Defendant to determine which specific interrogatory they could answer or which specific request for production related to documents within their control.

The Court notes that Plaintiff did direct certain interrogatories specifically to Garofalo. (ECF No. 106 at 9-10). The Court finds that Garofalo was justified in deferring her answers to these interrogatories until the interrogatories as a whole could be re-formatted. In addition, the Court finds that several interrogatories, specifically those relating to sexual assault, are irrelevant to this case. They are based on pure speculation and do not relate to the substance of the case.

Plaintiff must serve discovery requests directed to each specific, individual Defendant, as he has now done with Dzurenda. Therefore, Plaintiff's motion to compel (ECF No. 106) is denied.

**REQUEST FOR SETTLEMENT CONFERENCE**

Plaintiff requests that the Court order a settlement conference due to the Court reversing an Order dismissing the Parole Board and Parole Board Commissioners from the case. (ECF No. 107 at 1-2). The Court recently "reaffirm[ed] its finding that the Parole Board Defendants are absolutely immune from Plaintiff's due process claim to the extent that Plaintiff seeks monetary damages," but held that Plaintiff

"can proceed with his due process claim for injunctive relief" against the Parole Board. (ECF No. 103 at 6). Plaintiff states that he is seeking attorney fees "for his future attorney," a grant of parole retroactive to 2013 or 2016, and monetary damages from the Parole Board. (ECF No. 107 at 1-4). Defendants argue that Plaintiff's claims against the Parole Board are now moot because Plaintiff has been granted parole. (ECF No. 110 at 2-3). Defendants also assert that (1) attorney fees cannot be awarded for a potential future attorney, (2) there is no basis for the Parole Board to retroactively change a parole decision, and (3) the Parole Board is immune from claims for monetary damages. (*Id.*). Plaintiff did not file a reply.

Under LR 16-5, "[t]he court may set any appropriate civil case for settlement conference." However, the Court finds that a settlement conference would not be helpful in this case. Defendants assert that Plaintiff is not entitled to any relief that seeks in this case against the Parole Board. Without reaching a final ruling on the merits of Defendants' arguments, the Court finds that Defendants have provided substantial support for their position. (ECF No. 110 at 2-3). Because Defendants have made a substantial showing that Plaintiff is not entitled to relief against the Parole Board, and because Plaintiff failed to file a reply to respond to these arguments, the Court denies Plaintiff's request for settlement conference (ECF No. 107).

### **MOTION FOR EXTENSION OF DISCOVERY DEADLINE**

"Plaintiff only requests an extension of time on [the] discovery deadline until April 30th, 2019." (ECF No. 108 at 1). However, discovery is currently set to close on June 5, 2019. (ECF No. 102 at 1). Therefore, Plaintiff's motion for extension of discovery deadline (ECF No. 108) is denied as moot.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery (ECF No. 106), Request for Settlement Conference (ECF No. 107), and Motion for Extension of Discovery Deadline (ECF No. 108) are DENIED.

# **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 4th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE