# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAUSTEVEION JOHNSON, | Case No. 2:16-cv-01889-GMN-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| GAROFALO, ET AL., | |
| Defendants. | |

This matter is before the Court on *pro se* Plaintiff's Motion to Conduct Limited Discovery (ECF No. 189), filed on April 27, 2020. Defendants filed a Response (ECF No. 190) on May 11, 2020. Any reply was due by May 18, 2020 and none has been filed to date. The Court finds this matter properly resolved without a hearing. See Local Rule 78-1.

Plaintiff is a *pro se* prisoner who seeks to conduct limited discovery on Defendant Brian Williams. He requests a period of 45 days to serve interrogatories and requests for production of documents in order to prepare for trial. (ECF No. 189). Defendants oppose the request arguing that not only has discovery closed, but also their Motion for Summary Judgment has been ruled on with all defendants and claims except for one being dismissed. (ECF No. 190). Further, the parties have submitted a joint pretrial order, which the Court entered on April 17, 2020. (ECF No. 188). The trial date of October 19, 2020 has been selected. (*Id.*)

Discovery in this matter closed almost a year ago, on June 5, 2019. ECF No. 102. Plaintiff fails to cite the excusable neglect standard nor does he provide any grounds for the Court to find that reopening discovery is warranted. "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. In evaluating excusable neglect, the court considers the following equitable factors: (1) the reason for the delay, (2) whether the moving party acted in

good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the non-moving party. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). It is within the court's discretion to determine whether excusable neglect exists. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

This case has already gone through discovery, dispositive motions, joint pretrial order, and is awaiting trial. Further, Plaintiff does not specify what discovery he is seeking from Williams. Finally, the Court does not find that Plaintiff was diligent in seeking discovery from Williams prior to the close of discovery.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Conduct Limited Discovery (ECF No. 189) is **denied**.

DATED: May 21, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE