1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

LAUSTEVEION JOHNSON,                           )
                                               )
5              Plaintiff,                       )        Case No.: 2:16-cv-01889-GMN-DJA
       vs.                                      )
6                                               )        **ORDER**
   BRIAN WILLIAMS,                              )
7                                               )
               Defendant.                       )
8  _____          )

9

10         Pending before the Court are the Motions in Limine, (ECF Nos. 193, 200), filed by pro

11  se Plaintiff Lausteveion Johnson ("Plaintiff").[1]

12         In general, "[t]he court must decide any preliminary question about whether . . .

13  evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for

14  Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for

15  admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483

16  U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding

17  admissibility determinations that hinge on preliminary factual questions] be established by a

18  preponderance of proof.").

19         "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings,

20  the practice has developed pursuant to the district court's inherent authority to manage the

21  course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)).  In

22  limine rulings "are not binding on the trial judge, and the judge may always change [her] mind

23  during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also*

24

25

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1  *Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if
2  the evidence unfolds in an unanticipated manner).

3  **I.   DISCUSSION**

4      **A.   Motion in Limine, (ECF No. 193)**

5         Plaintiff requests that Defendant Brian Williams ("Defendant") not be allowed to wear
6  an NDOC official uniform or badge that resembles a police badge during trial, arguing that it
7  would be prejudicial to Plaintiff as "the Jury could believe Williams is more honest because
8  he's in law enforcement he would look like an authority figure." (Mot. in Limine ("MIL") at 1,
9  ECF No. 193).

10         Defendant opposes the request because jurors will be aware Defendant was Warden of
11  High Desert State Prison (HDSP) at the time of the subject event, and therefore will be aware of
12  the "authoritative" position of Defendant no matter what wears. (Resp. at 3, ECF No. 195).
13  Additionally, there is the added burden on Defendant in that he may still need to go to work, in
14  his uniform after trial. (*Id.*).

15         Defendant's assertions are unconvincing.  Defendant makes only speculative arguments
16  and has failed to demonstrate that he was or is required to wear a uniform for either his prior or
17  current position, much less to Court.  Plaintiff's Motion is granted.

18      **B.   Motion in Limine, (ECF No. 200)**

19         In his Motion, Plaintiff makes three requests: (1) that he be allowed to wear his religious
20  Kuffi (head covering) while at trial; (2) that he be allowed to have his wrist and ankle restraints
21  removed during trial, and (3) that he and defense counsel only be permitted to stand during
22  opening and closing arguments. (MIL at 1–2, ECF No. 200).  Defendant does not oppose the
23  first and second requests indicating that the decision should be left to the Court, but opposes the
24  third request. (Resp. at 2–3, ECF No. 205).

25

Having reviewed and considered this matter, the Court grants the first request—Plaintiff will be allowed to wear his religious Kuffi (head covering) while at trial.  As to the second request regarding Plaintiff's wrist and ankle restraints, this matter will be addressed by the Court at Calendar Call.  Regarding Plaintiff's third request that he and defense counsel only be permitted to stand during opening and closing arguments, this request is denied.

## II.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine, (ECF No. 193), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine, (ECF No. 200), is **GRANTED** in part and **DENIED** in part consistent with the foregoing.

**DATED** this __2___ day of October, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court